IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK OTIS NELSON,

        Plaintiff,                       No. CIV S-08-2481 FCD KJM P

   vs.

MURPHY, et al.,

        Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se with an action pursuant to 28 U.S.C. § 1983.  On October 20, 2009, the court found that this case and another action filed by plaintiff, Case No. CIV S-09-0308, are related.  The court subsequently ordered that the amended complaint in this action be served on defendants Murphy and Cooney; however, the court erroneously docketed that order under the case number of the related case, Case No. CIV S-09-0308.  Defendants Murphy and Cooney were served and correctly filed their answer in this case.

       After defendants filed their answer, plaintiff filed a motion for clarification in Case No. CIV S-09-0308.  The court, addressing the motion, ordered plaintiff to show cause why Case No. CIV S-09-0308 should not be dismissed as duplicative.  See Case No. CIV S-09-0308, Docket No. 18.  Plaintiff has now responded to that order.

/////

1

Plaintiff has successfully shown there is a distinction between some of the claims he has brought in this case and in Case No. CIV S-09-0308. However, plaintiff's response to the order to show cause in Case No. CIV S-09-0308 also shows that his claims in this case are unexhausted. In his response, plaintiff states that on April 26, 2008, he filed an administrative grievance concerning the medical treatment at issue in both cases and that he exhausted his appeal of that grievance on January 7, 2009. See Plaintiff's Response ¶ 4 (Case No. CIV-S-0308 FCD KJM, Docket No. 21). Plaintiff initiated this case on October 20, 2008, approximately two-and-a-half months prior to exhausting his claims against defendant Murphy. While plaintiff, in his complaint in this action, indicated he had attempted in vain to prosecute a grievance against Murphy, his having exhausted it after filing demonstrates that exhaustion was not unavailable.

Exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). Moreover, a plaintiff's concession that he has not exhausted a claim may serve as the basis of dismissal without prejudice, even if the defendant has not brought a motion to dismiss for failure to exhaust.[1] Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). Although plaintiff's concession came in another, related case, the court may still take judicial notice of that record. The undersigned will recommend that this action be dismissed for failure to exhaust administrative remedies.[2]

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written

---

[1] Defendants have not moved to dismiss for failure to exhaust, but they have preserved that issue as an affirmative defense in their answer. See Answer at 4 (Docket No. 14).

[2] By concurrent order, the court will screen the complaint in Case No CIV S-09-0308 FCD KJM.

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within fourteen days after service of the objections.  The parties are
4  advised that failure to file objections within the specified time may waive the right to appeal the
5  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
6  DATED:  June 16, 2010.

                                                                           _____
                                                                           U.S. MAGISTRATE JUDGE